1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    MARY C. DOLLARHIDE (SB# 138441)
2   marydollarhide@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA  92130
    Telephone:  (858) 720-2500
5   Facsimile:  (858) 720-2555

6   Attorneys for Defendants
    BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
7   RANDSTAD NORTH AMERICA, LP

**FILED**

2008 JUL 18  PM 3: 43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11
    MARIA LOURDES VALENCIA, an          Case No.  '08 CV 1295 SLSCAB
12  individual,
                                        (San Diego County Superior Court
13                    Plaintiff,        Case No. 37-2008-00081462-CU-WT-CTL)

14        vs.                           **NOTICE OF REMOVAL OF CIVIL
                                        ACTION TO FEDERAL COURT BY
15  BEVERLY NITTI, an individual;       DEFENDANTS BEVERLY NITTI,
    CHRIS OLSEN, an individual;         RANDSTAD HR SOLUTIONS AND
16  RANDSTAD HR SOLUTIONS, business     RANDSTAD NORTH AMERICA, LP;
    entity unknown; RANDSTAD NORTH      DECLARATION OF MARY C.
17  AMERICA, LP, business entity unknown; DOLLARHIDE IN SUPPORT OF NOTICE
    and DOES 1 through 50, inclusive,   OF REMOVAL OF CIVIL ACTION TO
18                                      FEDERAL COURT**
                      Defendants.
19

20

21

22

23

24

25

26

27

28

LEGAL_US_E # 79380944.1



1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2  SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HER ATTORNEYS OF

3  RECORD,

4             PLEASE TAKE NOTICE THAT, Defendants BEVERLY NITTI, RANDSTAD

5  HR SOLUTIONS and RANDSTAD NORTH AMERICA LP ("Defendants"), hereby remove this

6  action from the Superior Court of the State of California for the County of San Diego to the

7  United States District Court for the Southern District of California.  This removal is based on

8  diversity of citizenship, pursuant to 28 U.S.C. Sections 1332 and 1441(a).  The facts that entitle

9  Defendants to remove this action are as follows:

10            1.     On or about April 10, 2008, Plaintiff filed a Complaint in the Superior

11  Court of the State of California for the County of San Diego entitled *MARIA LOURDES*

12  *VALENCIA, Plaintiff v. BEVERLY NITTI, an individual, CHRIS OLSEN, an individual,*

13  *RANDSTAD HR SOLUTIONS, business entity unknown, and RANDSTAD NORTH AMERICA,*

14  *LP, business entity unknown, and DOES 1 through 50, inclusive, Defendants,* and designated as

15  Case No. 37-2008-00081462-CU-WT-CTL.  The Complaint alleged five causes of action:  (1)

16  age discrimination; (2) wrongful termination in violation of public policy; (3) intentional

17  infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) violation of

18  wages and hours laws.  *See* Declaration of Mary C. Dollarhide ("Dollarhide Decl."), ¶ 9, and Ex.

19  A, attached thereto.

20            2.     On or about June 19, 2008, Defendants were served with a copy of the

21  Complaint and Service of Process Transmittal.  *See* Dollarhide Decl., ¶ 2 and Ex. A, thereto.  The

22  Complaint is the initial pleading properly served setting forth the claim for relief upon which this

23  action is based and may be removed.  No other initial pleadings were properly served on

24  Defendants prior to June 19, 2008.  Accordingly, this Notice of Removal is being filed within

25  thirty (30) days after receipt by Defendants of the initial pleading and is timely filed pursuant to

26  28 U.S.C. Section 1446(b).

27            3.     Defendants are informed and believe, and on that basis allege, that Plaintiff

28  is now, and was at the time this action commenced, a citizen of the nation of Mexico, within the

1    meaning of 28 U.S.C. Section 1332(a), because her domicile is and was within the City of

2    Tijuana, Mexico. *See* Nitti Decl., ¶ 4; Dollarhide Decl. ¶ 5; Ex. F.

3             4.      Defendant Beverly Nitti, is now, and was at the time this action was

4    commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a).

5             5.      Defendants are informed and believe, and on that basis allege, that

6    Defendant Chris Olsen has been dismissed from this action. Dollarhide Decl. at ¶ 7. If

7    Defendant Chris Olsen has not been dismissed from this action, Defendants are informed and

8    believe, and on that basis allege, that Defendant Chris Olsen is now, and was at the time this

9    action was commenced, a citizen of the State of California within the meaning of 28 U.S.C.

10    Section 1332(a).

11             6.      Defendants Randstad HR Solutions and Randstad North America, are now,

12    and were at the time this action was commenced, citizens of the States of Delaware and Georgia

13    within the meaning of 28 U.S.C. Section 1332(c)(1), because they are now, and were at all

14    material times, incorporated under the laws of the State of Delaware, and maintain, and at all

15    material times maintained, their principal places of business in the State of Georgia. *See*

16    Dollarhide Decl., ¶ 8.

17             7.      The presence of Doe defendants in this case has no bearing on diversity

18    with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter,

19    the citizenship of defendants sued under fictitious names shall be disregarded.").

20             8.      The Complaint, and each alleged cause of action contained therein, may be

21    properly removed on the basis of diversity of citizenship jurisdiction, in that this is a civil action

22    between citizens of different states and the matter in controversy exceeds the sum of $75,000,

23    exclusive of interest and costs. 28 U.S.C. § 1332.

24             9.      In particular, Plaintiff's Complaint seeks an unspecified amount of

25    damages, including general damages, past and future lost earnings, punitive damages, interest,

26    attorneys' fees, costs of suit and other relief, in connection with the causes of action set forth in

27    her Complaint. *See* Complaint, page 6. Plaintiff's failure to specify in her Complaint the amount

28    of damages she seeks does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life*

1  *Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to federal court

2  notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the

3  rules were otherwise, "any plaintiff could avoid removal simply by declining . . . . to place a

4  specific dollar value upon its claim").  Based on the nature of the allegations and the multiple

5  penalties and damages sought under the Fair Employment and Housing Act, which provides for

6  unlimited compensatory and punitive damages, Plaintiff has placed in controversy an amount

7  exceeding $75,000, exclusive of costs and interests.  *White v. FCI USA, Inc.*, 319 F.3d 672, 674

8  (5th Cir. 2003) (plaintiff's claim for compensatory and punitive damages, including emotional

9  distress, was facially in excess of $75,000).  *See* Dollarhide Decl., ¶ 9.

10          10.     In determining whether a complaint meets the $75,000 threshold of 28

11  U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and

12  punitive damages, as well as attorneys' fees.  *See, e.g., Bell v. Preferred Life Assurance Soc'y,*

13  320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a

14  complaint each must be considered to the extent claimed in determining jurisdictional amount.")

15  (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied,*

16  459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional

17  amount).

18          11.     Defendants filed and served their Answers to Plaintiff's Complaint on

19  July 16, 2008 in state court.  *See* Dollarhide Decl., ¶ 3, and Exs. B and C, thereto.

20          12.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of

21  Removal, Defendants will serve a written Notice of Removal to the Adverse Party and file a copy

22  of this Notice of Removal to the United States District Court for the Southern District of

23  California with the Clerk of the Superior Court of the State of California for the County of San

24  Diego.  Proofs of service of these Notices will be filed with this Court shortly after the Superior

25  Court filing and service upon the adverse party are accomplished.  *See* Dollarhide Decl., ¶ 4, and

26  Exs. D and E, thereto.  Exhibits A – E constitute all process, pleadings and orders served on or by

27  Defendants in this action.

28

1          13.     Because Plaintiff is a citizen or subject of a foreign state and sues

2 Defendants of different states, and because the Court may disregard the citizenship of the Doe

3 defendants, there is complete diversity between the parties.  Further, because there is complete

4 diversity and because the amount in controversy threshold is met, the requirements for removal

5 under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied.

6          WHEREFORE, Defendants hereby remove the above-entitled action now pending

7 before the Superior Court of the State of California for the County of San Diego to this Court.

8

9                        Respectfully submitted,

10 DATED:  July 18, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                MARY C. DOLLARHIDE

11                          CATHERINE E. CAOUETTE

12

13                    By:

14                            MARY C. DOLLARHIDE

15                    Attorneys for Defendants
                        BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and

16                    RANDSTAD NORTH AMERICA, LP

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MARY C. DOLLARHIDE

I, Mary C. Dollarhide, declare and state as follows:

1.      I am an attorney licensed by the Bar of the State of California, and I am admitted to practice before this Court. I am a Partner with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendants BEVERLY NITTI, RANDSTAD HR SOLUTIONS and RANDSTAD NORTH AMERICA, LP ("Defendants") in this action, and I am one of the attorneys responsible for the defense of this action. Except as otherwise indicated, I have personal knowledge of the facts set forth in this Declaration and, if called to testify under oath, could and would testify competently thereto.

2.      On June 19, 2008, Defendants were served with a Complaint, apparently filed by Plaintiff MARIA LOURDES VALENCIA on April 10, 2008, in the Superior Court of the State of California for the County of San Diego. The Complaint is entitled *MARIA LOURDES VALENCIA, Plaintiff v. BEVERLY NITTI, an individual, CHRIS OLSEN, an individual, RANDSTAD HR SOLUTIONS, business entity unknown, and RANDSTAD NORTH AMERICA, LP, business entity unknown, and DOES 1 through 50, inclusive, Defendants,* and designated as Case No. 37-2008-00081462-CU-WT-CTL. A true and correct copy of the Complaint received by the Defendants and the Acknowledgment signed by Defendants on June 19, 2008 is attached hereto as Exhibit A. This is the first and only pleading properly served on Defendants in this matter.

3.      On July 16, 2008, Defendant filed and served their Answers to Plaintiff's Complaint in state court. True and correct copies of the Answers are attached hereto as Exhibits B and C.

4.      True and correct copies of Defendants' Notice to Adverse Party of Removal and Defendants' Notice to Superior Court of Removal of Civil Action to Federal Court are attached hereto as Exhibits D and E, respectively. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will serve a written Notice of Removal to the adverse party and file a copy of this Notice of Removal to the United States District Court for the

LEGAL_US_E # 79380944.1

1    Southern District of California with the Clerk of the Superior Court of the State of California for

2    the County of San Diego. Proofs of service of these Notices will be filed with this Court shortly

3    after the Superior Court filing and service upon the adverse party are accomplished.

4         5.    I am informed and believe that Plaintiff is now, and was at the time this

5    action commenced, a citizen of the nation of Mexico within the meaning of 28 U.S.C. Section

6    1332(a), because her place of domicile is and was within the City of Tijuana, Mexico. *See*

7    concurrently filed Declaration of Beverly Nitti, ¶ 4. Plaintiff was until recently an employee of

8    Defendant Randstad HR Solutions and supplied it with a post office box for her home address.

9    *See* Ex. F. In her Complaint, Plaintiff specifically referred to her residence in Tijuana, B.C. *See*

10   Ex. A at ¶ 1.

11        6.    I am informed and believe that Defendant Beverly Nitti, is now, and was at

12   the time this action was commenced, a citizen of the State of California within the meaning of 28

13   U.S.C. Section 1332(a).

14        7.    Defendants are informed and believe, and on that basis allege, that

15   Defendant Chris Olsen has been dismissed from this action. If Defendant Chris Olsen has not

16   been dismissed from this action, Defendants are informed and believe, and on that basis allege,

17   that Defendant Chris Olsen is now, and was at the time this action was commenced, a citizen of

18   the State of California within the meaning of 28 U.S.C. Section 1332(a).

19        8.    I am informed and believe that Defendants Randstad HR Solutions and

20   Randstad North America are now, and were at the time this action was commenced, citizens of

21   the States of Delaware and Georgia within the meaning of 28 U.S.C. Section 1332(c)(1), because

22   they now, and were at all material times, incorporated under the laws of the State of Delaware,

23   and maintain, and at all material times maintained, their principal places of business in the State

24   of Georgia.

25        9.    In this action, Plaintiff asserts five causes of action: age discrimination;

26   wrongful termination in violation of public policy; intentional infliction of emotional distress;

27   negligent infliction of emotional distress; and violation of wages and hours laws. Plaintiff seeks

28   an unspecified amount of damages, including general damages, past and future lost earnings,

LEGAL_US_E # 79380944.1                                      -2-

1  punitive damages, interest, attorneys' fees, costs of suit and other relief, in connection with the

2  cause of action set forth in her Complaint. *See* Ex. A, at p. 6.

3        I declare under penalty of perjury under the laws of the United States of America

4  and the State of California that the foregoing is true and correct. Executed this 18th day of July,

5  2008, in San Diego, California.

6  Mary C. Dollarhide

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CASE NO. _____

TABLE OF CONTENTS TO EXHIBITS TO
DECLARATION OF MARY C. DOLLARHIDE IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

| **Exhibit** | **Page(s)** | **Description** |
|---|---|---|
| A | 5-24 | Plaintiff's Complaint and Acknowledgments |
| B | 25-33 | Answer of Defendants Randstad HR Solutions and Randstad North America, LP to Plaintiff's Complaint |
| C | 34-41 | Answer of Defendant Beverly Nitti to Plaintiff's Complaint |
| D | 42-43 | Notice to Adverse Party of Removal of Civil Action to Federal Court by Defendants Beverly Nitti, Randstad HR Solutions and Randstad North America, LP |
| E | 44-45 | Notice to Superior Court of Removal of Civil Action to Federal Court by Defendants Beverly Nitti, Randstad HR Solutions and Randstad North America, LP |
| F | 46 | Plaintiff's Employee Data referencing San Diego post office box address |

1 | Patrick F. O'Connor, SB#57923
Law Offices of Patrick F. O'Connor
2 | 5464 Grossmont Center Drive, Suite 300
La Mesa, California 91942-3035
3 | Telephone (619) 463-4284
Facsimile  (619) 464-6471
4

5 | Attorney for Plaintiff MARIA LOURDES VALENCIA

6

7

8 |                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |                **IN AND FOR THE COUNTY OF SAN DIEGO**

10 | MARIA LOURDES VALENCIA, an            ) Case Number: 37-2008-00081462-CU-WT-CTL
individual,                                                    )
11 |                                                            ) (General Civil Case)
                                   Plaintiff,             )
12 |                                                        ) **COMPLAINT FOR**
v.                                                          ) **(1) AGE DISCRIMINATION;**
13 |                                                        ) **(2) WRONGFUL TERMINATION IN**
BEVERLY NITTI, an individual;             ) **VIOLATION OF PUBLIC POLICY;**
14 | CHRIS OLSEN, an individual;               ) **(3) INTENTIONAL INFLICTION OF**
RANDSTAD HR SOLUTIONS, business    ) **EMOTIONAL DISTRESS;**
15 | entity unknown;                                    ) **(4) NEGLIGENT INFLICTION OF**
RANDSTAD NORTH AMERICA, LP,       ) **EMOTIONAL DISTRESS; and**
16 | business entity unknown; and              ) **(5) VIOLATION OF WAGES AND**
DOES 1 through 50, inclusive,             ) **HOURS LAWS**
17 |                                                        )
                                   Defendants.        ) **JURY TRIAL DEMANDED**
18 | _____ )

19 |        Plaintiff alleges as follows:

20 |                        **GENERAL ALLEGATIONS**

21 |        1.      Plaintiff, MARIA LOURDES VALENCIA ("VALENICA"), is and, at all

22 | times herein mentioned, was an individual residing in the State of California, County of

23 | San Diego, and Tijuana, B.C.

24 |        2.      Defendant BEVERLY NITTI ("NITTI") is and, at all times herein mentioned,

25 | was a District Manager for RANDSTAD HR SOLUTIONS and RANDSTAD NORTH

26 | AMERICA, LP, and a resident of San Diego County, California.

27 | ///

28 | ///

---

                                        1
                 COMPLAINT FOR AGE DISCRIMINATION, ETC.

1    3.    Defendant CHRIS OLSEN ("OLSEN") is and, all at times herein mentioned,

2    was the Cosmetics Manager for RANDSTAD HR SOLUTIONS and RANDSTAD NORTH

3    AMERICA, LP, and a resident of San Diego, California.

4    4.    Plaintiff is informed and believes that Defendants RANDSTAD HR

5    SOLUTIONS and RANDSTAD NORTH AMERICA, LP ("RANDSTAD") are and, at all

6    times herein mentioned, were, companies of United States subsidiaries of a foreign holding

7    company that provides employee hiring and Human Resources services to other companies

8    such as Lancome, L'Oreal and many others that sell and distribute their products in the

9    United States.

10    5.    The true names and capacities of the Defendants named herein as DOES 1

11    through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to

12    Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code

13    of Civil Procedure §474.  Plaintiff will amend this complaint to allege their true names and

14    capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that

15    each of the fictitiously named Defendants is in some manner responsible to Plaintiff based on

16    the facts alleged in this complaint.

17    6.    Plaintiff is informed and believes and on that basis alleges that at all relevant

18    times, each of the Defendants was the agent and employee of the remaining Defendants and

19    acted, at least, in part within the course and scope of such relationship.

20    **FIRST CAUSE OF ACTION**

21    **(Age Discrimination Against All Defendants)**

22    7.    Plaintiff incorporates by reference Paragraphs 1 through 6 as if fully set forth

23    herein.

24    8.    Plaintiff worked for RANDSTAD from October of 2005 until her discharge on

25    March 1, 2007, selling Lancome beauty and perfume products.  During the period stated,

26    Plaintiff worked at 32nd Street Naval Station, and the Marine Corps Recruit Depot.

27    9.    Plaintiff is 65 years old and was born January 2, 1943.

28    / / /

Exh. A
Page 6

2

COMPLAINT FOR AGE DISCRIMINATION, ETC.

1      10.    On March 1, 2003, Plaintiff received a telephone call from NITTI terminating

2    her for "giving and taking live product", which was not true. Plaintiff denied said conduct

3    and politely challenged NITTI to provide the proof for the allegation. NITTI said nothing.

4      11.    On or about a week later, an employee named Emilie, aged 56, was summarily

5    terminated by RANDSTAD, with no reason given.

6      12.    Within a week following the termination of Plaintiff and Emilie, one aged 64,

7    the other aged 56, two young women were hired in their places, both of whom are believed to

8    be in their thirties.

9      13.    One of the young women, named Esther, was a known friend and companion of

10    OLSEN, the Cosmetics Manager for RANDSTAD at the Marine Corps Exchange.

11      14.    It is alleged on information and belief that OLSEN and NITTI conspired to fire

12    the older women and replace them with much younger women and that age was a substantial

13    factor in their decision to do so.

14      15.    Defendants' conduct toward Plaintiff constituted age discrimination in

15    violation of California Government Code §12940(a). Right to sue letters have been obtained

16    from the California Department of Fair Employment and Housing and are attached as Exhibit

17    "A" to this Complaint. Further, Plaintiff has incurred and will continue to incur attorney's

18    fees as a result of Defendants' age discrimination in violation of Section 12940(a).

19      16.    As a legal result of Defendants' conduct towards Plaintiff, as alleged above,

20    Plaintiff has suffered and will continue to suffer lost wages and economic harm in an amount

21    according to proof at trial.

22      17.    As a proximate cause of Defendants' conduct, Plaintiff has suffered severe

23    emotional distress.

24      18.    It is further alleged that NITTI and OLSEN, in their respective positions of

25    District Manager and Cosmetics Manager, were "managing agents" as that term is used in

26    California Civil Code § 3294(b).

27      19.    Defendants and DOES 1 through 40 inclusive, and each of them, committed the

28    acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of

Exh. A
Page 7

3
COMPLAINT FOR AGE DISCRIMINATION, ETC.

1  Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was

2  carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling

3  Plaintiff to recover punitive damages from Defendants in an amount according to proof.

**SECOND CAUSE OF ACTION**

5  **(Wrongful Termination in Violation of Public Policy Against All Defendants)**

6       20.    Plaintiff incorporates by reference Paragraphs 1 through 19 as if fully set forth

7  herein.

8       21.    California Government Code §12940(a) prohibits an employer from

9  discharging an employee who is over the age of 40 years in which the employee's age was a

10  substantial factor in the decision to terminate him or her. Right to sue letters have been

11  obtained from the California Department of Fair Employment and Housing and are attached

12  as Exhibit "A" to this Complaint. Further, Plaintiff has incurred and will continue to incur

13  attorneys fees as a result of Defendants' termination of her in violation of Section 12940(h).

14       22.    As a proximate result of Defendant's conduct, Plaintiff has suffered lost

15  earnings and other employment benefits, and economic harm in an amount to be proved at

16  trial.

17       23.    As a further proximate cause of Defendant's conduct, Plaintiff has suffered

18  severe emotional distress.

19       24.    It is further alleged that NITTI and OLSEN, in their respective positions of

20  District Manager and Cosmetics Manager, were "managing agents" as that term is used in

21  California Civil Code § 3294(b).

22       25.    Defendants and DOES 1 through 40 inclusive, and each of them, committed the

23  acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of

24  Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was

25  carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling

26  Plaintiff to recover punitive damages from Defendants in an amount according to proof.

27  ///

28  ///

1  **THIRD CAUSE OF ACTION**

2  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

3       26.    Plaintiff incorporates by reference Paragraphs 1 through 15 as if fully set forth

4  herein.

5       27.    It is alleged that the conduct of Defendants in discriminating against Plaintiff

6  because of her age was outrageous to any reasonable person living in a civilized society. It is

7  further alleged that Plaintiff suffered severe emotional distress as a result of the conduct of

8  Defendants.

9       28.    It is further alleged that said Defendants engaged in such conduct with the

10  intent to cause Plaintiff severe emotional distress and did cause her such distress, all to her

11  damage in an amount to be proved at trial.

12       29.    It is further alleged that NITTI and OLSEN, in their respective positions of

13  District Manager and Cosmetics Manager, were "managing agents" as that term is used in

14  California Civil Code § 3294(b).

15       30.    Defendants and DOES 1 through 50 inclusive, and each of them, committed the

16  acts herein alleged maliciously, fraudulently, and oppressively, with the reckless disregard of

17  Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was

18  carried out in a despicable, deliberate, cold, callous and intentional manner thereby entitling

19  Plaintiff to recover punitive damages from Defendants in an amount according to proof.

20  **FOURTH CAUSE OF ACTION**

21  **(NEGLIGENT INFLICTION OF Emotional Distress)**

22       31.    Plaintiff incorporates by reference Paragraphs 1 through 30 as if fully set forth

23  herein.

24       32.    In doing the acts previously alleged, Defendants acted in a careless and

25  negligent manner and without regard to Plaintiff's feelings.

26       33.    As a legal result of the negligent conduct of Defendants, Plaintiff has suffered

27  severe emotional distress, all to her damages in an amount to be proved at trial.

28  ///

Exh. A
Page 9

1

## FIFTH CAUSE OF ACTION

2

### (Violation California Wage and Hour Laws)

3      34.    Plaintiff incorporates by reference Paragraphs 1 through 6 as if fully set forth

4    herein.

5      35.    Upon terminating Plaintiff, Defendants failed to pay her 10 days vacation pay

6    owed to her at her normal rate of pay.

7      36.    It is further alleged that as a result of Defendants' failure to pay Plaintiff all

8    wages due and owing her at the time of her termination, Defendants are liable for penalties

9    accruing at the rate of $100.00 per day not to exceed thirty (30) days, pursuant to California

10    Labor Code § 203.

11      37.    It is further that Plaintiff has been required to obtain legal counsel in order to

12    obtain the wages owed her and is, therefore, entitled to an award of attorneys fees pursuant to

13    statute.

14      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

15    follows:

16    **FIRST CAUSE OF ACTION:**

17      1.    For general damages according to proof;

18      2.    For lost earnings, past and future, according to proof;

19      3.    For punitive damages;

20      4.    For interest as allowed by law;

21      5.    For attorney fees;

22      6.    For costs of suit herein incurred; and

23      7.    For such other and further relief as the court may deem proper.

24    **SECOND CAUSE OF ACTION**

25      1.    For general damages according to proof;

26      2.    For lost earnings, past and future, according to proof;

27      3.    For punitive damages;

28      4.    For attorney fees;

Exh. A
Page 10

COMPLAINT FOR AGE DISCRIMINATION, ETC.

1    5.    For interest as allowed by law;

2    6.    For costs of suit herein incurred; and

3    7.    For such other and further relief as the court may deem proper.

4  **THIRD CAUSE OF ACTION:**

5    1.    For general damages according to proof;

6    2.    For lost earnings, past and future, according to proof;

7    3.    For punitive damages;

8    4.    For costs of suit herein incurred;

9    5.    For interest as allowed by law; and

10   6.    For such other and further relief as the court may deem proper.

11  **FOURTH CAUSE OF ACTION:**

12   1.    For general damages according to proof;

13   2..   For costs of suit herein incurred;

14   3.    For interest as allowed by law; and

15   4.    For such other and further relief as the court may deem proper.

16  **FIFTH CAUSE OF ACTION:**

17   1.    For unpaid wages;

18   2.    For penalties;

19   3.    For costs of suit herein incurred;

20   4.    For interest as allowed by law;

21   5.    For attorneys fees as allowed by law; and

22   6.    Such other and further relief as the court may deem proper.

23

24  Dated: April _0_, 2008

25                                         PATRICK F. O'CONNOR
                                           Attorney for Plaintiff, MARIA LOURDES
26                                         VALENCIA

27

28

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES                                        ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov



September 26, 2007


MARIA L. VALENCIA
1687 Melrose Avenue, Unit K
Chula Vista, CA 91912

RE:    E200708D0372-00-ac
       VALENCIA/RANDSTAD NORTH AMERICA, L.P.

Dear MARIA L. VALENCIA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 19, 2007 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Exh. A
Page 12

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Li Doux*

Belinda LeDoux
District Administrator


cc:     Case File


Director
Human Resources/Personnel
RANDSTAD NORTH AMERICA, L.P.
2015 South Park Place
Atlanta, GA  30339

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES ... .Y

ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



September 26, 2007

MARIA L. VALENCIA
1687 Melrose Avenue, Unit K
Chula Vista, CA 91912

RE:   E200708D0372-01-ac
      VALENCIA/RANSTAD HR SOLUTIONS

Dear MARIA L. VALENCIA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 19, 2007 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:    Case File


Director
Human Resources/Personnel
RANDSTAD HR SOLUTIONS
2015 South Park Place
Atlanta, GA  30339

Exh. A
Page 15

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



September 26, 2007

MARIA L. VALENCIA
1687 Melrose Avenue, Unit K
Chula Vista, CA 91912

RE:    E200708D0372-02-ac
       VALENCIA/OLSEN, CHRIS, As An Individual

Dear MARIA L. VALENCIA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 19, 2007 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

*Belinda LeDoux*

Belinda LeDoux
District Administrator

cc:    Case File

Chris Olsen
As An Individual
RANSTAD
MCCS, 3800 Chosin Avenue
San Diego, CA  92140

Exh. A
Page 17

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov



September 26, 2007


MARIA L. VALENCIA
1687 Melrose Avenue, Unit K
Chula Vista, CA 91912

RE:    E200708D0372-03-ac
       VALENCIA/NITTI, BEVERLY, As An Individual

Dear MARIA L. VALENCIA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 19, 2007 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

cc:     Case File

Beverly Nitti
As An Individual
ranstad
MCCS, 3800 Chosin Avenue
San Diego, CA  92140

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick F. O'Connor    SB#57923<br>Law Office of Patrick F. O'Connor<br>5464 Grossmont Ctr. Dr., Third Floor<br>La Mesa, California 91942<br>TELEPHONE NO.: 619-463-4284    FAX NO.: 619-464-6471<br>ATTORNEY FOR *(Name):* Plaintiff MARIA LOURDES VALENCIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Civil Division

CASE NAME: Valencia v. Nitti, etc., et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2008-00081462-CU-WT-CTL<br>JUDGE:<br>DEPT.: |
|---|---|---|

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☒ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 10, 2008

Patrick F. O'Connor
_____(TYPE OR PRINT NAME)_____    ▶    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:     Central
TELEPHONE NUMBER:  (619) 685-6147

PLAINTIFF(S) / PETITIONER(S):     Maria Lourdes Valencia

DEFENDANT(S) / RESPONDENT(S):  Beverly Nitti et.al.

VALENCIA VS. NITTI

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00081462-CU-WT-CTL |
|---|---|

Judge: Judith F. Hayes                                    Department: C-68

**COMPLAINT/PETITION FILED:** 04/10/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Patrick F. O'Connor                                    SB#57923 <br> Law Office of Patrick F. O'Connor <br> 5464 Grossmont Ctr. Dr., Third Floor <br> La Mesa, California 91942 <br> TELEPHONE NO.: 619-463-4284        FAX NO. *(Optional)*: 619-464-6471 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: Plaintiff MARIA LOURDES VALENCIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: MARIA LOURDES VALENCIA

DEFENDANT/RESPONDENT: BEVERLY NITTI, an individual, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: <br> 37-2008-00081462-CU-WT-CTL |
|---|---|

TO *(insert name of party being served)*: Defendant BEVERLY NITTI, an individual

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 16, 2008

Patrick F. O'Connor
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1.  [X] A copy of the summons and of the complaint.
2.  [X] Other *(specify)*:
     Notice of Case Assignment, Notice to Litigants/ADR Information Package; Stipulation to Use of Alternative Dispute Resolution

*(To be completed by recipient)*:

Date this form is signed:   June 19, 2008
Catherine E. Caouette on behalf of
Beverly Nitti
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Cathleen Caouette, attorney
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] <br> *Martin Dean's Essential Forms* ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov <br> Exh. A <br> Page 22 |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar or, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Patrick F. O'Connor    SB#57923<br>  Law Office of Patrick F. O'Connor<br>  5464 Grossmont Ctr. Dr., Third Floor<br>  La Mesa, California 91942<br>TELEPHONE NO. 619-463-4284    FAX NO. *(Optional):* 619-464-6471<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff MARIA LOURDES VALENCIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: MARIA LOURDES VALENCIA

DEFENDANT/RESPONDENT: BEVERLY NITTI, an individual, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>37-2008-00081462-CU-WT-CTL |
|---|---|

TO *(insert name of party being served)*:  RANDSTAD HR SOLUTIONS, business entity unknown

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 3, 2008

Patrick F. O'Connor
_____        ▶        _____
         (TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other *(specify)*:
    Notice of Case Assignment, Notice to Litigants/ADR Information Package; Stipulation to Use of Alternative Dispute Resolution

*(To be completed by recipient)*:

Date this form is signed:    June 19, 2008

Catherine E. Caouette on behalf of
Randstad HR Solutions                ▶        Cathin Caouette , attorney
_____                 _____
 (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
      ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>*Martin Dean's Essential Forms* ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick F. O'Connor    SB#57923<br>Law Office of Patrick F. O'Connor<br>5464 Grossmont Ctr. Dr., Third Floor<br>La Mesa, California 91942<br>TELEPHONE NO.: 619-463-4284    FAX NO.(Optional): 619-464-6471<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  Plaintiff MARIA LOURDES VALENCIA | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego |
|---|
| STREET ADDRESS:  330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  San Diego, California 92101 |
| BRANCH NAME:  Civil Division |

| PLAINTIFF/PETITIONER:  MARIA LOURDES VALENCIA |
|---|
| DEFENDANT/RESPONDENT:BEVERLY NITTI, an individual, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>37-2008-00081462-CU-WT-CTL |
|---|---|

TO (insert name of party being served):  RANDSTAD NORTH AMERICA, LP, business entity unknown

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 3, 2008

Patrick F. O'Connor
_____      ▶   _____
       (TYPE OR PRINT NAME)                     (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1.  ☒  A copy of the summons and of the complaint.
2.  ☒  Other (specify):
       Notice of Case Assignment, Notice to Litigants/ADR Information Package; Stipulation to Use of Alternative
       Dispute Resolution

(To be completed by recipient):

Date this form is signed:   June 19, 2008
Catherine E. Caouette on behalf of
Randstad North America, LP
_____      ▶   _____, attorney
   (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
        ON WHOSE BEHALF THIS FORM IS SIGNED)                     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>Martin Dean's Essential Forms ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>Exh. A<br>Page 24 |
|---|---|---|

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
      MARY C. DOLLARHIDE (SB# 138441)
2    marydollarhide@paulhastings.com
      CATHERINE E. CAOUETTE (SB# 234714)
3    catherinecaouette@paulhastings.com
      3579 Valley Centre Drive
4    San Diego, CA 92130
      Telephone: (858) 720-2500
5    Facsimile: (858) 720-2555

6    Attorneys for Defendants
      BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
7    RANDSTAD NORTH AMERICA, LP

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 JUL 16 P 4:23

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8

           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

               COUNTY OF SAN DIEGO

10

11

| | |
|---|---|
| MARIA LOURDES VALENCIA, an individual, | Case No. 37-2008-00081462-CU-WT-CTL |
| Plaintiff, | **ANSWER OF DEFENDANTS RANDSTAD HR SOLUTIONS AND RANDSTAD NORTH AMERICA, LP TO UNVERIFIED COMPLAINT** |
| vs. | |
| BEVERLY NITTI, an individual; CHRIS OLSEN, an individual; RANDSTAD HR SOLUTIONS, business entity unknown; RANDSTAD NORTH AMERICA, LP, business entity unknown; and DOES 1 through 50, inclusive, | Dept.: 68<br>Judge: Hon. Judith F. Hayes<br>Action Filed: April 10, 2008<br>Trial Date: None set |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_E # 79380838.1

Exh. B
Page 25

1    COME NOW Defendants Randstad HR Solutions and Randstad North America,

2  LP, who answer the following unverified Complaint filed in the above-entitled action

3  ("Complaint") as follows:

4

5    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

6  Defendants deny, generally and specifically, each and every allegation in the Complaint, and

7  further deny that Plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all,

8  or is entitled to any of the relief requested therein, including without limitation, general,

9  compensatory, punitive and other damages, by reason of any act or omission on the part of

10  Defendants, their agents, servants, employees or representatives.

11

12                    FIRST AFFIRMATIVE DEFENSE

13    1.    This State Court lacks jurisdiction over the Complaint and each purported

14  cause of action contained therein.

15                    SECOND AFFIRMATIVE DEFENSE

16    2.    The Complaint, and each and every purported cause of action contained

17  therein, fails to state facts sufficient to constitute a cause of action.

18                    THIRD AFFIRMATIVE DEFENSE

19    3.    Plaintiff was an employee of Defendants, which employment did not have

20  a specified term and could be terminated at the will of either party upon notice to the other.

21                    FOURTH AFFIRMATIVE DEFENSE

22    4.    The purported first cause of action is barred in whole or in part by all

23  applicable statutes of limitation, including but not limited to CAL. GOV'T CODE § 12960 (one

24  year).

25                    FIFTH AFFIRMATIVE DEFENSE

26    5.    To the extent that Plaintiff makes allegations or claims with respect to a

27  time period more than one year prior to the date on which Plaintiff allegedly filed a complaint

28  with the California Department of Fair Employment and Housing ("DFEH"), or which were not

1  made the subject of a timely DFEH and/or EEOC complaint, the Court lacks jurisdiction with

2  respect to any such allegations or claims.  CAL. GOV'T CODE §§ 12900, et seq.

3  SIXTH AFFIRMATIVE DEFENSE

4        6.    To the extent that Defendants' conduct is covered by the FEHA, the

5  Complaint, and each of the purported causes of action, is barred in whole or in part by Plaintiff's

6  failure to exhaust all internal grievance procedures and administrative remedies.

7  SEVENTH AFFIRMATIVE DEFENSE

8        7.    Each and every purported cause of action arising under the FEHA is barred

9  to the extent that the allegations therein do not reasonably fall within the scope of any claims

10  made in any administrative complaints Plaintiff filed with the DFEH.

11  EIGHTH AFFIRMATIVE DEFENSE

12        8.    Each and every cause of action arising under the FEHA is barred to the

13  extent that Plaintiff did not timely exhaust her administrative remedies as required and/or

14  otherwise failed to comply with the statutory prerequisites to bring suit pursuant to the FEHA.

15  NINTH AFFIRMATIVE DEFENSE

16        9.    Plaintiff is estopped, in whole or in part, from asserting claims/cause of

17  action alleged in the Complaint by reason of her own acts and/or omissions.

18  TENTH AFFIRMATIVE DEFENSE

19        10.    The Complaint, and each cause of action alleged therein, is barred by the

20  doctrine of waiver.

21  ELEVENTH AFFIRMATIVE DEFENSE

22        11.    The Complaint, and each purported cause of action alleged therein, is

23  barred by the doctrine of unclean hands.

24  TWELFTH AFFIRMATIVE DEFENSE

25        12.    The Complaint, and each purported cause of action alleged therein, is

26  barred by the doctrine of laches.

27

28

Exh. B
Page 27

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Complaint, and each purported cause of action alleged therein, fails because Plaintiff did not satisfy and/or breached her statutory obligations as provided in the California Labor Code. CAL. LAB. CODE § 2856.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred by the exclusive remedy of Workers' Compensation, CAL. LAB. CODE § 3600, *et seq.*

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by Defendants in good faith and solely for legitimate, business-related reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     The Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly discriminatory behavior, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The Complaint is barred, in whole or in part, because Plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct which forms the basis of the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     To the extent that Plaintiff claims that she was discriminated against based on her membership in a protected class, Plaintiff has failed to allege facts sufficient to demonstrate that such discrimination, which Defendants deny, altered the terms and/or conditions of Plaintiff's employment.

Exh. B
Page 28

ANSWER TO COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

20.    The Complaint, and each alleged cause of action contained therein, is barred and fails to state facts sufficient to constitute a cause of action against Defendants because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendants, their agents, representatives or employees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's First and Second purported causes of action are barred to the extent that Defendants had legitimate, non-discriminatory, non-pretextual reasons for their actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The actions of Defendants and their agents, servants, employees or representatives, as alleged in the Complaint, were work-related and consistent with the doctrine of business necessity and were within Defendants' reasonable business judgment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendants cannot be liable for punitive or exemplary damages because none of their officers, directors or managing agents (a) personally engaged in oppression, fraud or malice; (b) had advanced knowledge of the unfitness of any employee who engaged in oppression, fraud or malice and employed that employee with a conscious disregard of the rights and safety of others; or (c) authorized or ratified any employee to engage in oppression, fraud or malice. CAL. CIV. CODE § 3294. Defendants also cannot be liable for punitive or exemplary damages as prayed for in the Complaint, and any allegations with respect thereto should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

Exh. B
Page 29

the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient for the imposition of punitive damages in any sum whatsoever against Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The Complaint is barred by the after-acquired-evidence doctrine to the extent that, after the termination of Plaintiff's employment, Defendants learned of Plaintiff's wrongful workplace conduct that would have resulted in her termination.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff has failed to properly mitigate the damages claimed to have been sustained by reason of the conduct of Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff has alleged no facts sufficient to support an award of damages, front pay, reinstatement, costs, attorneys' fees or any other relief.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiff is barred from recovering punitive damages because Defendants had in place a policy to prevent discrimination in its workplace and made good faith efforts to implement and enforce that policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The Complaint, and each purported cause of action alleged therein, is barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff is not entitled to collect pre-judgment interest in this matter because she is not entitled to recover any damages.

Exh. B
Page 30

LEGAL_US_E # 79380838.1                    -6-

ANSWER TO COMPLAINT

1    WHEREFORE, Defendants pray that Plaintiff take nothing by reason of the

2 Complaint herein, and that Defendants be awarded their reasonable defense fees, and such other

3 relief as the Court deems proper.

4

5 DATED: July _6_, 2008   Respectfully submitted,

6            PAUL, HASTINGS, JANOFSKY & WALKER LLP

             MARY C. DOLLARHIDE

7            CATHERINE E. CAOUETTE

8

9            By: _____

10               MARY C. DOLLARHIDE

11            Attorneys for Defendants

             RANDSTAD HR SOLUTIONS and RANDSTAD

12            NORTH AMERICA, LP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. B
Page 31

LEGAL_US_E # 79380838.1

-7-

**PROOF OF SERVICE**

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 JUL 16  P 4: 23

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1

2  STATE OF CALIFORNIA                    )
                                          ) ss:
3  CITY AND COUNTY OF SAN DIEGO           )

4          I am employed in the City and County of San Diego, State of California. I am
   over the age of 18, and not a party to the within action. My business address is 3579 Valley
5  Centre Drive, San Diego, California 92130.

6          On July 16, 2008, I served the foregoing document(s) described as:

7      **ANSWER OF DEFENDANTS RANDSTAD HR SOLUTIONS AND
   RANDSTAD NORTH AMERICA, LP TO UNVERIFIED COMPLAINT**

8  on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
9  addressed as follows:

                        **SEE ATTACHED SERVICE LIST**

10

11

12     ☐    **VIA OVERNIGHT MAIL:**
            VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail
13          service or an authorized courier in a sealed envelope or package designated by the
            express service courier addressed to the person(s) on whom it is to be served.

14     ☒    **VIA U.S. MAIL:**
            I am readily familiar with the firm's practice of collection and processing of
15          correspondence for mailing. Under that practice such sealed envelope(s) would be
            deposited with the U.S. postal service on July 16, 2008 with postage thereon fully
16          prepaid, at San Diego, California.

17     ☐    **BY PERSONAL SERVICE:**
            I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I
18          delivered to an authorized courier or driver to be delivered on the same date. A
            proof of service signed by the authorized courier will be filed with the court upon
19          request.

20
           I declare under penalty of perjury under the laws of the State of California that the
21
   above is true and correct.
22

23         Executed on July 16, 2008, at San Diego, California.

24

25                                              _____
                                                         Judy Johns
26

27
                                                                    Exh. B
28                                                                  Page 32

LEGAL_US_W # 58822385.1

                        PROOF OF SERVICE

1

**SERVICE LIST**

2    Patrick F. O'Connor
     Law Offices of Patrick F. O'Connor
3    5464 Grossmont Center Drive
     Suite 300
4    La Mesa, CA  91942-3035
     Tel. (619) 463-4284
5    Fax (619) 464-6471
     Attorneys for Plaintiff
6    MARIA LOURDES VALENCIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. B
Page 33

PROOF OF SERVICE

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 JUL 16 P 4: 23

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARY C. DOLLARHIDE (SB# 138441)
2 | marydollarhide@paulhastings.com
CATHERINE E. CAOUETTE (SB# 234714)
3 | catherinecaouette@paulhastings.com
3579 Valley Centre Drive
4 | San Diego, CA  92130
Telephone:  (858) 720-2500
5 | Facsimile:  (858) 720-2555

6 | Attorneys for Defendants
BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
7 | RANDSTAD NORTH AMERICA, LP

8 |                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                             COUNTY OF SAN DIEGO

10 |

11 |
MARIA LOURDES VALENCIA, an          Case No. 37-2008-00081462-CU-WT-CTL
12 | individual,

13 |                 Plaintiff,          **ANSWER OF DEFENDANT BEVERLY
                                      NITTI TO UNVERIFIED COMPLAINT**
14 |         vs.

15 | BEVERLY NITTI, an individual;       Dept.:      68
CHRIS OLSEN, an individual;         Judge:      Hon. Judith F. Hayes
16 | RANDSTAD HR SOLUTIONS, business     Action Filed:  April 10, 2008
entity unknown; RANDSTAD NORTH       Trial Date:    None set
17 | AMERICA, LP, business entity unknown;
and DOES 1 through 50, inclusive,
18 |
                Defendants.
19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
LEGAL_US_E # 79369599.1                                    Exh. C
                                                          Page 34
                        ANSWER TO COMPLAINT

COMES NOW Defendant Beverly Nitti, who answers the following unverified Complaint filed in the above-entitled action ("Complaint") as follows:

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in the Complaint, and further denies that Plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all, or is entitled to any of the relief requested therein, including without limitation, general, compensatory, punitive and other damages, by reason of any act or omission on the part of Defendant.

### FIRST AFFIRMATIVE DEFENSE

1.    This State Court lacks jurisdiction over the Complaint and each purported cause of action contained therein.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint, and each alleged cause of action contained therein, is barred and fails to state facts sufficient to constitute a cause of action against Defendant because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant.

### THIRD AFFIRMATIVE DEFENSE

3.    The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### FOURTH AFFIRMATIVE DEFENSE

4.    The purported first cause of action is barred in whole or in part by all applicable statutes of limitation, including but not limited to CAL. GOV'T CODE § 12960 (one year).

### FIFTH AFFIRMATIVE DEFENSE

5.    To the extent that Defendant's conduct is covered by the FEHA, each and every purported cause of action arising under the FEHA is barred to the extent that the allegations

therein do not reasonably fall within the scope of any claims made in any administrative complaints Plaintiff filed with the DFEH.

### SIXTH AFFIRMATIVE DEFENSE

6.  To the extent that Defendant's conduct is covered by the FEHA, each and every cause of action arising under the FEHA is barred to the extent that Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with the statutory prerequisites to bring suit pursuant to the FEHA.

### SEVENTH AFFIRMATIVE DEFENSE

7.  To the extent that Defendant's conduct is covered by the FEHA, the Complaint, and each of the purported causes of action, is barred in whole or in part by Plaintiff's failure to exhaust all internal grievance procedures and administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff is estopped, in whole or in part, from asserting claims/cause of action alleged in the Complaint by reason of her own acts and/or omissions.

### NINTH AFFIRMATIVE DEFENSE

9.  The Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

10.  The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

11.  The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

12.  Plaintiff's claims are barred by the exclusive remedy of Workers' Compensation, CAL. LAB. CODE § 3600, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    To the extent that Plaintiff claims that she was discriminated against based on her membership in a protected class, which Defendant denies, the actions and conduct alleged by Plaintiff do not constitute actionable discrimination under the FEHA or any other law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's job assignment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by her employer to avoid harm otherwise.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    The Complaint, and the alleged causes of action against Defendant contained therein, fail in whole or in part to the extent that the Defendant may not be held individually liable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient for the imposition of punitive damages in any sum whatsoever against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant cannot be liable for punitive or exemplary damages as prayed for in the Complaint, and any allegations with respect thereto should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United

1    States and California Constitutions, including, but not limited to, the due process clauses of the

2    Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and

3    cruel and unusual punishment clauses of the Eighth Amendment to the United States

4    Constitution.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

5

6          19.     Plaintiff's recovery is barred to the extent she has filed to mitigate or

7    reasonably attempt to mitigate her damages, if any, as required by law.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

8

9          20.     The Complaint is barred by the after-acquired-evidence doctrine to the

10    extent that, after the termination of Plaintiff's employment, Defendant learned of Plaintiff's

11    wrongful workplace conduct that would have resulted in her removal from her job assignment.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

12

13          21.     The Complaint, and each purported cause of action alleged therein, is

14    barred because Plaintiff has alleged no facts sufficient to support an award of damages, front pay,

15    reinstatement, costs, attorneys' fees or any other relief.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

16

17          22.     Plaintiff is not entitled to collect pre-judgment interest in this matter

18    because she is not entitled to recover any damages.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1       WHEREFORE, Defendant prays that Plaintiff take nothing by reason of the

2  Complaint herein, and that Defendant be awarded her reasonable defense fees, and such other

3  relief as the Court deems proper.

4

5  DATED: July _16_, 2008       Respectfully submitted,

6                           PAUL, HASTINGS, JANOFSKY & WALKER LLP
                              MARY C. DOLLARHIDE

7                           CATHERINE E. CAOUETTE

8

9                       By:_____
                                MARY C. DOLLARHIDE

10                     Attorneys for Defendant
                     BEVERLY NITTI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 JUL 16 1P 4: 23

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1

2  STATE OF CALIFORNIA                          )
                                                ) ss:
3  CITY AND COUNTY OF SAN DIEGO                 )

4          I am employed in the City and County of San Diego, State of California. I am
5  over the age of 18, and not a party to the within action. My business address is 3579 Valley
   Centre Drive, San Diego, California 92130.

6          On July 16, 2008, I served the foregoing document(s) described as:

7          **ANSWER OF DEFENDANT BEVERLY NITTI TO UNVERIFIED**
   **COMPLAINT**
8
   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
9  addressed as follows:

10                         **SEE ATTACHED SERVICE LIST**

11
      ☐    **VIA OVERNIGHT MAIL:**
12         VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail
           service or an authorized courier in a sealed envelope or package designated by the
13         express service courier addressed to the person(s) on whom it is to be served.

14    ☒    **VIA U.S. MAIL:**
15         I am readily familiar with the firm's practice of collection and processing of
           correspondence for mailing. Under that practice such sealed envelope(s) would be
           deposited with the U.S. postal service on July 16, 2008 with postage thereon fully
16         prepaid, at San Diego, California.

17    ☐    **BY PERSONAL SERVICE:**
           I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I
18         delivered to an authorized courier or driver to be delivered on the same date. A
           proof of service signed by the authorized courier will be filed with the court upon
19         request.

20
           I declare under penalty of perjury under the laws of the State of California that the
21
   above is true and correct.
22

23         Executed on July 16, 2008, at San Diego, California.

24

25                                        _____
26                                                 Judy Johns

27

28                                                                    Exh. C
                                                                      Page 40
   LEGAL_US_W # 58822385.1

_____
                            PROOF OF SERVICE

1

**SERVICE LIST**

2

Patrick F. O'Connor
Law Offices of Patrick F. O'Connor
3
5464 Grossmont Center Drive
Suite 300
4
La Mesa, CA  91942-3035
Tel. (619) 463-4284
5
Fax (619) 464-6471
6
Attorneys for Plaintiff
MARIA LOURDES VALENCIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58822385.1

PROOF OF SERVICE

Exh. D
Notice to Adverse Party

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    MARY C. DOLLARHIDE (SB# 138441)
2   marydollarhide@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)
3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive
4   San Diego, CA 92130
    Telephone: (858) 720-2500
5   Facsimile: (858) 720-2555

6   Attorneys for Defendants
    BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
7   RANDSTAD NORTH AMERICA, LP

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10

11
    MARIA LOURDES VALENCIA, an              Case No. 37-2008-00081462-CU-WT-CTL
12  individual,

13              Plaintiff,                   **NOTICE TO ADVERSE PARTY OF
                                             REMOVAL OF CIVIL ACTION TO
14         vs.                               FEDERAL COURT BY DEFENDANTS
                                             BEVERLY NITTI, RANDSTAD HR
15  BEVERLY NITTI, an individual;            SOLUTIONS AND RANDSTAD NORTH
    CHRIS OLSEN, an individual;              AMERICA, LP**
16  RANDSTAD HR SOLUTIONS, business
    entity unknown; RANDSTAD NORTH
17  AMERICA, LP, business entity unknown;
    and DOES 1 through 50, inclusive,        Dept.:     68
18                                           Judge:     Hon. Judith F. Hayes
                Defendants.                  Action Filed:  April 10, 2008
19                                           Trial Date:    None set

20

21

22

23

24

25

26

27

28
                                                          Exh. D
    LEGAL_US_E # 79383054.1                               Page 42
    ─────────────────────────────────────────────────────────────
    NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1        TO PLAINTIFF MARIA LOURDES VALENCIA AND HER ATTORNEYS OF

2    RECORD, PATRICK F. O'CONNOR OF THE LAW FIRM OF PATRICK F. O'CONNOR:

3        PLEASE TAKE NOTICE THAT on July 18, 2008, Defendants Beverly Nitti,

4    Randstad HR Solutions and Randstad North America, LP filed in the United States District Court

5    for the Southern District of California a Notice of Removal of Civil Action.  Attached to this

6    notice as Exhibit "A" is a true and correct copy of the Notice of Removal, the filing of which

7    effects the removal of this action to the United States District Court.

8

9    DATED:  July _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                    MARY C. DOLLARHIDE

10                                        CATHERINE E. CAOUETTE

11

12                              By:_____

13                                      MARY C. DOLLARHIDE

14                              Attorneys for Defendants
                          BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and

15                              RANDSTAD NORTH AMERICA, LP

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**Exh. E**
**Notice to Superior Court**

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   MARY C. DOLLARHIDE (SB# 138441)
2  marydollarhide@paulhastings.com
   CATHERINE E. CAOUETTE (SB# 234714)
3  catherinecaouette@paulhastings.com
   3579 Valley Centre Drive
4  San Diego, CA  92130
   Telephone:  (858) 720-2500
5  Facsimile:  (858) 720-2555

6  Attorneys for Defendants
   BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
7  RANDSTAD NORTH AMERICA, LP

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10

11
   MARIA LOURDES VALENCIA, an            Case No. 37-2008-00081462-CU-WT-CTL
12 individual,

13            Plaintiff,                 **NOTICE TO SUPERIOR COURT OF
                                         REMOVAL OF CIVIL ACTION TO
14        vs.                            FEDERAL COURT BY DEFENDANTS
                                         BEVERLY NITTI, RANDSTAD HR
15 BEVERLY NITTI, an individual;         SOLUTIONS AND RANDSTAD NORTH
   CHRIS OLSEN, an individual;           AMERICA, LP**
16 RANDSTAD HR SOLUTIONS, business
   entity unknown; RANDSTAD NORTH
17 AMERICA, LP, business entity unknown; Dept.:      68
   and DOES 1 through 50, inclusive,     Judge:      Hon. Judith F. Hayes
18                                       Action Filed:   April 10, 2008
              Defendants.                Trial Date:     None set
19

20

21

22

23

24

25

26

27

28
   LEGAL_US_E # 79382798.1                                        Exh. E
                                                                  Page 44
   ─────────────────────────────────────────────────────────────────────
   NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

2    CALIFORNIA FOR THE COURT OF SAN DIEGO:

3    Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

4    of Civil Action to the United States District Court, the original of which was filed with the United

5    States District Court for the Southern District of California on July 18, 2008.

7    Respectfully submitted,

9
    DATED: July _____, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP
10                              MARY C. DOLLARHIDE
                                CATHERINE E. CAOUETTE
11

13    By:_____
                    MARY C. DOLLARHIDE

14    Attorneys for Defendants
15    BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and
      RANDSTAD NORTH AMERICA, LP

LEGAL_US_E # 79382798.1                    -2-                    Exh. E
                                                                 Page 45

NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

New Window

# Employee Data

Home > Administer Front Office > Employees > Use > **Employee Data**

| Express | Payroll | Availability/Source | Evaluations | Qualifications | Intvw Wksht | Attachments | I9 Information |
|---|---|---|---|---|---|---|---|

**Appl/Emp ID:** 00002797267   Valencia,Maria
**Personnel Status:** Employee   Active

**Social Security Number:**
REDACTED 1683

(Save)  (Return to Search)  (Next in List)  (Previous in List)   Add Agenda   Add History   Called in Available

## Name and Address

| | | |
|---|---|---|
| **Date Applied:** 10/19/2005 | **Date Emp Signed I9:** 10/19/2005 | **Benefits Service Date:** 10/19/2005 |
| **Effective Date:** 10/19/2005 | | **Date Entered:** 11/17/2005 |

View All   First ☑ 1 of 1 ☑ Last

**Name Prefix:** Ms.
**First Name:** Maria                      **Middle:** L.
**Last Name:** Valencia                    **Name Suffix:**
**Name:** Valencia,Maria                   **Preferred Name:**

### Home Address

**Address 1:** P.O.Box 120418              **City:** Chula Vista
**Address 2:**                             **State:** CA   California
**Address 3:**                             **Postal:** 91912
**County:**                                **Country:** United States

☐ Use Home Address as Mailing

## How to Contact

First ☑ 1-2 of 2 ☑ Last

| *Phone Type | Telephone | Primary Phone | | |
|---|---|---|---|---|
| 1  Home | REDACTED | ☐ | + | – |
| 2  Main | REDACTED | ☑ | + | – |

## Email Addresses

First ☑ 1 of 1 ☑ Last

| *Email Type | Email Address | | Primary Email | | |
|---|---|---|---|---|---|
| 1  Business 2 | REDACTED | Send Email | ☑ | + | – |

Send Email

**Links**
Add Agenda
Add History
View All History
HRS Pay/Bill Rates
View Accident Injury Reports
Add Accident Injury Report
Print Online Application
FedEX Driver Info

Page 1 of 12

Exh. F
Page 46

1

**PROOF OF SERVICE**

2 STATE OF CALIFORNIA     )
              ) ss:

3 CITY AND COUNTY OF SAN DIEGO )

4     I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley

5 Centre Drive, San Diego, California  92130.

6     On July 18, 2008, I served the foregoing document(s) described as:

7     **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS BEVERLY NITTI, RANDSTAD HR SOLUTIONS AND RANDSTAD**

8 **NORTH AMERICA, LP; DECLARATION OF MARY C. DOLLARHIDE IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

9

10 on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

11       **SEE ATTACHED SERVICE LIST**

12

  ☐  **VIA OVERNIGHT MAIL:**

13

     VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail

14     service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

15  ☒  **VIA U.S. MAIL:**

16     I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be

17     deposited with the U.S. postal service on July 18, 2008 with postage thereon fully prepaid, at San Diego, California.

18  ☐  **BY PERSONAL SERVICE:**
     I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I

19     delivered to an authorized courier or driver to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon

20     request.

21

     I declare under penalty of perjury under the laws of the State of California that the

22

23 above is true and correct.

24

     Executed on July 18, 2008, at San Diego, California.

25

26

27            _____
               Judy Johns

28

LEGAL_US_W # 58822385.1

---

PROOF OF SERVICE

1

**SERVICE LIST**

2
Patrick F. O'Connor
Law Offices of Patrick F. O'Connor
3
5464 Grossmont Center Drive
Suite 300
4
La Mesa, CA  91942-3035
5
Tel. (619) 463-4284
Fax (619) 464-6471
6
Attorneys for Plaintiff
MARIA LOURDES VALENCIA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58822385.1

PROOF OF SERVICE

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Maria Lourdes Valencia | Beverly Nitti; Chris Olsen; Randstad HR Solutions; Randstad North America, LP |

**FILED**

**2008 JUL 18 PM 3: 41**

| (b) County of Residence of First Listed Plaintiff **Tijuana, Mexico** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KNH _____ DEPUTY

| (c) Attorney's (Firm Name, Address, and Telephone Number) Patrick F. O'Connor Law Offices of Patrick F. O'Connor 5464 Grossmont Center Drive, Suite 300 La Mesa, CA 91942-3035 Tel: (619) 463-4284; Fax: (619) 464-6471 | Attorneys (If Known) Mary C. Dollarhide Paul, Hastings, Janofsky & Walker LLP 3579 Valley Centre Drive San Diego, CA 92130 Tel: (858) 720-2500; Fax: (858) 720-2555 |
|---|---|

**'08 CV 1295 JLS CAB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☒ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act **IMMIGRATION** ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This Court has diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(a)

Brief description of cause:
Employment litigation - age discrimination/wrongful termination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE July 18, 2008   SIGNATURE OF ATTORNEY OF RECORD M. Dollarhide

FOR OFFICE USE ONLY

RECEIPT # 15315   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TD 07/18/08

CB

American LegalNet, Inc.
www.FormsWorkflow.com

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                              )
                                                 ) ss:
3

CITY AND COUNTY OF SAN DIEGO                     )

4

       I am employed in the City and County of San Diego, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 3579 Valley

5

Centre Drive, San Diego, California  92130.

6

       On July 18, 2008, I served the foregoing document(s) described as:

7

     **CIVIL COVER SHEET**

8

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

9

     **SEE ATTACHED SERVICE LIST**

10

11

   ☐    **VIA OVERNIGHT MAIL:**

12

      VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the

13

      express service courier addressed to the person(s) on whom it is to be served.

   ☒    **VIA U.S. MAIL:**

14

      I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be

15

      deposited with the U.S. postal service on July 18, 2008 with postage thereon fully prepaid, at San Diego, California.

16

   ☐    **BY PERSONAL SERVICE**:

17

      I caused the envelope(s) to be delivered by hand to the addressee(s) noted above.  I delivered to an authorized courier or driver to be delivered on the same date.  A

18

      proof of service signed by the authorized courier will be filed with the court upon request.

19

20

      I declare under penalty of perjury under the laws of the State of California that the

21

above is true and correct.

22

23

      Executed on July 18, 2008, at San Diego, California.

24

25

                                  _____
                                        Judy Johns

26

27

28

LEGAL_US_W # 58822385.1

---

PROOF OF SERVICE

1

**SERVICE LIST**

2

Patrick F. O'Connor
Law Offices of Patrick F. O'Connor

3

5464 Grossmont Center Drive

4

Suite 300
La Mesa, CA  91942-3035

5

Tel. (619) 463-4284
Fax (619) 464-6471

6

Attorneys for Plaintiff
MARIA LOURDES VALENCIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58822385.1

PROOF OF SERVICE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 153151    — MB

## July 18, 2008
## 15:44:15

### Civ Fil Non-Pris
USAO #.: 08CV1295 CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC41872

## Total—> $350.00

FROM: MARIA LOURDES VALENCIA VS
       BEVERLY NITTI, CHRIS OLSEN, ET

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    MARY C. DOLLARHIDE (SB# 138441)

2   marydollarhide@paulhastings.com
    CATHERINE E. CAOUETTE (SB# 234714)

3   catherinecaouette@paulhastings.com
    3579 Valley Centre Drive

4   San Diego, CA  92130
    Telephone:  (858) 720-2500

5   Facsimile:  (858) 720-2555

6   Attorneys for Defendants
    BEVERLY NITTI, RANDSTAD HR SOLUTIONS, and

7   RANDSTAD NORTH AMERICA, LP

8

**FILED**

2008 JUL 18  PM 3: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

9                   UNITED STATES DISTRICT COURT

        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11
    MARIA LOURDES VALENCIA, an
12  individual,

13              Plaintiff,

14      vs.

15  BEVERLY NITTI, an individual;
    CHRIS OLSEN, an individual;
16  RANDSTAD HR SOLUTIONS, business
    entity unknown; RANDSTAD NORTH
17  AMERICA, LP, business entity unknown;
    and DOES 1 through 50, inclusive,
18
                Defendants.
19

20

Case No.    '08 CV 1295 JLS CAB

(San Diego County Superior Court
Case No. 37-2008-00081462-CU-WT-CTL)

**DECLARATION OF DEFENDANT
BEVERLY NITTI IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT**

21

22

23

24

25

26

27

28

LEGAL_US_E # 79382201.1



1    I, Beverly Nitti, declare and state as follows:

2    1.    I am an Account Executive responsible for the marketing of beauty

3    products created by L'Oreal USA, Inc. under brand names such as Kiehl's Since 1851 and

4    Lancôme at military base stores in the southwestern United States. I am one of the Defendants in

5    this action. Except as otherwise indicated, I have personal knowledge of the facts set forth in this

6    Declaration and, if called to testify under oath, could and would testify competently thereto.

7    2.    One of the mitiltary base stores that I am responsible for is located at the

8    Marine Corps Recruiting Depot in San Diego, California.

9    3.    In my role as an Account Executive, I dealt with Maria Lourdes Valencia,

10   the Plaintiff in this lawsuit. Ms. Valencia was a Beauty Advisor at the Marine Corps Recruiting

11   Depot in San Diego, California.

12   4.    Ms. Valencia told me that she lives in Tijuana, Mexico and that her home

13   is in Tijuana.

14   I declare under penalty of perjury under the laws of the United States of America

15   and the State of California that the foregoing is true and correct. Executed this _14_ day of July,

16   2008, in _Huntington Beach_, California.

17

18   Beverly Nitti

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA )

                                            ) ss:

3  CITY AND COUNTY OF SAN DIEGO )

4          I am employed in the City and County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is 3579 Valley

5  Centre Drive, San Diego, California 92130.

6          On July 18, 2008, I served the foregoing document(s) described as:

7          **DECLARATION OF DEFENDANT BEVERLY NITTI IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL COURT ACTION TO FEDERAL COURT**

8  on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)

9  addressed as follows:

10                        **SEE ATTACHED SERVICE LIST**

11

12     ☐   **VIA OVERNIGHT MAIL:**

            VIA UPS OVERNIGHT: By delivering such document(s) to an overnight mail

13          service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

14     ☒   **VIA U.S. MAIL:**

15          I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be

16          deposited with the U.S. postal service on July 18, 2008 with postage thereon fully prepaid, at San Diego, California.

17     ☐   **BY PERSONAL SERVICE:**

            I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I

18          delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon

19          request.

20

21          I declare under penalty of perjury under the laws of the State of California that the

22  above is true and correct.

23          Executed on July 18, 2008, at San Diego, California.

24

25                                        _____

26                                                    Judy Johns

27

28

LEGAL_US_W # 58822385.1

1                          **SERVICE LIST**

2        Patrick F. O'Connor
         Law Offices of Patrick F. O'Connor
3        5464 Grossmont Center Drive
         Suite 300
4        La Mesa, CA  91942-3035
5        Tel. (619) 463-4284
         Fax (619) 464-6471
6        Attorneys for Plaintiff
         MARIA LOURDES VALENCIA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58822385.1